CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
August 20, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Kayla Lokey
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ROBERT P., Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security, Defendant.

Civil Action No. 3:26-cv-00035

REPORT & RECOMMENDATION

By: Joel C. Hoppe
United States Magistrate Judge

In February 2026, an administrative law judge ("ALJ") issued a written decision denying Robert's claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401–434, 1381–1383f. *See* ECF No. 6-2, at 7–28 (Feb. 5, 2026). On April 3, Robert filed a pro se complaint asking this Court to review "an adverse decision of the [Commissioner] which has become final" under 42 U.S.C. § 405(g). Compl. 1, ECF No. 1. On May 29, the Commissioner filed a Motion to Dismiss under Rule 12(b)(6) or, alternatively, for Summary Judgment under Rules 12(d) and 56(a), ECF No. 6, and a supporting declaration with exhibits, ECF No. 6-2. The Commissioner argues that Robert never asked the Appeals Council to review the ALJ's unfavorable decision and, as such, "there is no 'final decision' as required to obtain judicial review." Def.'s Br. 1–2 (quoting 42 U.S.C. § 405(g)), ECF No. 6-1.

Robert responded to the Commissioner's motion on June 26, 2026. Pl.'s Resp. Br., ECF No. 9. He agrees he inadvertently "skipped [the] step" where he must ask the Appeals Council to review the ALJ's decision. *See id.* at 1, 3. Robert tried to correct this mistake when he received the Commissioner's motion to dismiss, "but the Social Security Administration website won't let [him] access [his] application" anymore. *Id.* at 3. He asked the Court "to give the SSA a little time to respond to this. If they're willing to let [him] file an appeal with the Appeals Council

despite it coming quite a bit late, [he's] happy to do that." *Id.* ("I'll withdraw this claim, and just refile later if I need to."). The Commissioner did not file a reply brief within the time allowed. *See* W.D. Va. Civ. R. 11(c).

I. Legal Framework

The Social Security Act creates the exclusive path for a claimant to seek judicial review of the Commissioner's "final decision" denying a claim for disability benefits. *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (citing 42 U.S.C. §§ 405(g)–(h)). Under § 405(g),

> [a]ny individual, *after any final decision* of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action *commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). This section "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the [Commissioner] be exhausted.'" *Smith*, 587 U.S. at 478 (quoting *Mathews v. Eldridge*, 424 U.S. 318, 328 (1976)). Robert's case "involves the latter, nonjurisdictional element of administrative exhaustion," *id. See* Def.'s Br. 1 n.1 (citing *L.N.P. v. Kijakazi*, 64 F.4th 577, 581 (4th Cir. 2023) (explaining that a failure to exhaust under § 405(g) "is not [a] jurisdictional" bar to suit, but exhaustion is "nonetheless . . . a mandatory requirement of the Social Security Act that may be excused only in a narrow set of circumstances")).

"Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court." *Smith*, 587 U.S. at 475–76; *see* 20 C.F.R. §§ 404.900(a), 416.1400(a). "First, the claimant must seek an initial determination as to his eligibility." *Smith*, 587 U.S. at 476. "Second, the claimant must seek reconsideration of the initial determination." *Id.*; *see* 20 C.F.R. §§ 404.907, 416.1407. Third, the claimant must request and attend a hearing

conducted by an Administrative Law Judge ("ALJ"). *See Smith*, 587 U.S. at 476; 20 C.F.R. §§ 404.929, 416.1429. The ALJ then issues a written decision explaining why the claimant is not entitled to disability benefits. *See* 20 C.F.R. §§ 404.953, 416.1453. Fourth, the claimant "must seek review of the ALJ's decision by the Appeals Council," *Smith*, 587 U.S. at 476, which will "deny," "dismiss," or "grant the request" for review, 20 C.F.R. §§ 404.967, 416.1467.[1] The Appeals Council's decision to "deny" such request means that the ALJ's hearing-level decision is "the final decision" of the Commissioner of Social Security. *Meyer v. Astrue*, 662 F.3d 700, 702 (4th Cir. 2011); *see* 20 C.F.R. §§ 404.981, 416.1481. "If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court." *Smith*, 587 U.S. at 476.

This "statutory sequence is mandatory." *L.N.P.*, 64 F.4th at 584. While the Commissioner may "waive the exhaustion requirement," *id.*, a federal court can "excuse" a plaintiff-claimant's failure to exhaust "only in a narrow set of circumstances," *id.* at 581. *See id.* at 584, 586–89 (discussing *Bowen v. City of New York*, 476 U.S. 467 (1986)). The Supreme Court has identified three such circumstances: (1) the plaintiff's claims "are collateral to the claim for benefits"; (2) the plaintiff "would be irreparably injured were the exhaustion requirement now enforced"; and (3) requiring exhaustion would be "futile." *Bowen*, 476 U.S. at 483–85; *see L.N.P.*, 64 F.4th at 584. Exhaustion is an affirmative defense. *L.N.P.*, 64 F.4th at 585–86 (citing *Jones v. Bock*, 549 U.S. 199, 211–12 (2007)). Thus, the burden is on the Commissioner to plead and prove that "the exhaustion requirement has [not] been satisfied" and "should [not] be excused" in the plaintiff's case. *See id.*

---

[1] Separately, "[a]nytime within 60 days after the date of a decision . . . that is subject to review under this section, the Appeals Council may decide on its own to review the action that was taken in [the claimant's] case." 20 C.F.R. §§ 404.969(a), 416.1469(a).

## II. Background[2]

Robert applied for DIB and SSI in 2024. *See* Mapp Decl. Ex. 1, at 7. Virginia Disability Determination Services found Robert "not disabled" upon initial review in November 2024 and upon reconsideration review in February 2025. *Id.* That November, Robert appeared without counsel and testified at a hearing before ALJ H. Munday. *See id.* ALJ Munday issued a written decision denying Robert's DIB and SSI claims on February 5, 2026. *See* Mapp Decl. ¶ 3(a); *id.* Ex. 1, at 4–6. The attached Notice of Decision states,

> If you disagree with my decision, you may file an appeal with the Appeals Council. . . . To file an appeal you must ask in writing that the Appeals Council review my decision. . . . You must file your written appeal **within 60 days** of the date you get this notice. The Appeals Council assumes you got this notice 5 days after the date of the notice unless you show you did not get it within the 5-day period. The Appeals Council will dismiss a late request unless you show you had a good reason for not filing it on time. . . . If you do not appeal and the Appeals Council does not review my decision on its own, my decision will become final. A final decision can be changed only under special circumstances. You will not have the right to Federal court review.

*Id.* at 4–5. The Notice is dated February 5, 2026. *Id.* at 4. Thus, Robert had until April 11, 2026, to file a written appeal asking the Appeals Council to review ALJ Munday's decision. Def.'s Br. 2. "[T]here is no indication that a request for review [had been] filed with the Appeals Council" as of May 16, 2026. Mapp Decl. ¶ 3(b). On April 3, however, Robert filed a complaint asking this Court to review ALJ Munday's "rejection of [his] Disability and SSI claim." Compl. 2. He explained that it "took [him] about two months" to read the ALJ's decision "and the procedures

---

[2] The procedural history below is undisputed. *See* Def.'s Br. 1–2; Pl.'s Resp. Br. 1–4. The relevant facts come from Robert's pro se complaint, ECF No. 1; the Declaration of Rosanna Mapp dated May 16, 2026, ECF No. 6-2, at 1–3; the ALJ's written decision attached as Exhibit 1 to Ms. Mapp's declaration, ECF No. 6-2, at 4–33; and Robert's response brief, ECF No. 9. Robert did not object to the Commissioner's exhibits. Pl.'s Resp. Br. 1–4; *see* Fed. R. Civ. P. 56(c); *Suiter v. GM – Gen. Motors*, No. 5:24cv54, 2026 WL 701683, at *2 n.2 (W.D. Va. Mar. 12, 2026) (Yoon, J.).

for appealing it and get this written" because of his chronic fatigue syndrome. *Id.* His complaint contains a preprinted statement that "Plaintiff has exhausted administrative remedies." *Id.* at 1.

III. Discussion

Because exhaustion is an affirmative defense, the burden is on the Commissioner to show that Robert failed to meet § 405(g)'s exhaustion requirement before he filed this lawsuit and that his failure to do so should not be excused. *See L.N.P.*, 64 F.4th at 585–86. The court may resolve these issues on a Rule 12(b)(6) motion to dismiss "only in the relatively rare circumstances when all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Id.* at 586 (cleaned up). If matters outside the complaint "are presented to and not excluded by the court," it must convert the Rule 12(b)(6) motion to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). That approach is appropriate here. *See, e.g.*, *Laconya C. v. Dudek*, No. 3:23cv830, 2025 WL 606451, at *4–5 (E.D. Va. Feb. 24, 2025) (citing Fed. R. Civ. P. 12(d)).

Rule 12(d) requires that parties "be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). On May 29, 2026, the Court sent Robert a *Roseboro* Notice giving him 28 days to respond to the Commissioner's "Motion to Dismiss and/or for Summary Judgment." ECF No. 8. The Notice states, "If either Plaintiff or Defendant(s) submits information beyond the allegations in the complaint, such as evidence, documents or affidavits, the Court may construe the [Rule 12(b)(6)] Motion as a Motion for Summary Judgment under Rule 56." *Id.* at 1. It then explains what the nonmoving party must do "[t]o survive summary judgment" if the movant demonstrates "the absence of a genuine issue of material fact." *Id.* On June 26, Robert submitted a brief responding to the merits of the Commissioner's exhaustion defense. ECF No. 9. The *Roseboro* Notice, as well as Robert's timely response, satisfies Rule 12(d). *See Jerome G. v. Bisignano*, Civ. No. SAG-24-3556, 2025

WL 2161235, at *1 (D. Md. July 30, 2025) (collecting cases); *Cobb v. Haug*, No. 7:22cv610, 2023 WL 6304866, at *2 (W.D. Va. Sept. 27, 2023).

*A. Standard of Review*

"A party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A "*genuine* issue of *material* fact" exists when proffered evidence that would be admissible at trial, viewed in the light most favorable to the nonmoving party, "is such that a reasonable jury could return a verdict for the nonmoving party" on a disputed "fact[] that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

"[T]he party seeking summary judgment bears [the] initial burden of demonstrating the absence of a genuine issue of material fact." *Bouchat v. Balt. Ravens Football Club*, 346 F.3d at 522 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Where, as here, the movant seeks summary judgment on an affirmative defense, it must conclusively establish all essential elements of that defense" to meet its initial burden. *Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc.*, 673 F.3d 294, 299 (4th Cir. 2012) (citing *Celotex Corp.*, 477 U.S. at 331). Once "the defendant has produced sufficient evidence in support of its affirmative defense, the burden shifts to the plaintiff to come forward with specific facts showing that there is a genuine issue for trial." *Id.* (cleaned up). If the plaintiff "fails to properly address" the defendant's "assertion of fact as required by Rule 56(c)(1), the court may[] consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

*B. Analysis*

On April 3, 2026, Robert filed this action seeking judicial review of ALJ Munday's unfavorable decision. The Commissioner argues there was "no 'final decision' as required to obtain judicial review" on that date because Robert had not yet exhausted his administrative remedies. Def.'s Br. 1; *accord* Mapp Decl. ¶ 3(c) ("To the best of my knowledge and belief, the plaintiff did not complete the administrative review and appeal process."). Specifically, "there is no indication" that Robert had filed a request for review with the Appeals Council. Mapp Decl. ¶ 3(b). "If a claimant fails to request review from the [Appeals] Council, there is no final decision and, as a result, no judicial review in most cases." *Sims v. Apfel*, 530 U.S. 103, 107 (2000).

Ms. Mapp's declaration establishes that Robert had not received the Commissioner's "final decision" on April 3, 2026. *See, e.g.*, *Everett v. Comm'r, Soc. Sec. Admin.*, Civ. No. ELH-15-3790, 2016 WL 8671850, at *2 (D. Md. May 26, 2016); *cf. Laconya C.*, 2025 WL 606451, at *5 (uncontested declaration established that plaintiff filed § 405(g) action while her "appeal remains under SSA review" and she therefore "has not received a final decision of the Commissioner—a prerequisite to filing suit"). The burden now shifts to Robert to show a genuine dispute over this material fact. He has not done so. On the contrary, Robert agrees that he inadvertently "skipped" the fourth and final step in the administrative process. *See* Pl.'s Resp. 1, 3. He tried to fix that mistake, but the SSA "website won't let [him] access [his] application" anymore. *Id.* at 3.

The Commissioner has also shown that Robert's failure to exhaust should not be excused in this case. Def.'s Br. 6–7; *see Laconya C.*, 2025 WL 606451, at *5–6. First, Robert's lawsuit is not "collateral" to his claim for disability benefits—it *is* a claim for benefits. Def.'s Br. 6 (citing Compl.); *see Steven C. v. Dudek*, No. 3:24cv322, 2025 WL 819111, at *6 (E.D. Va. Mar. 14, 2025) ("Plaintiff's claims, which challenge the denial of benefits, are not collateral to a claim for

benefits."). Second, Robert does not allege that he would be "irreparably injured," *Bowen*, 476 U.S. at 483, if he must ask the Appeals Council to review the ALJ's decision before coming to federal court. *See* Pl.'s Resp. 3 For example, the Court must dismiss this civil action without prejudice so Robert can file a new lawsuit once he obtains a final decision. *See L.N.P.*, 64 F.4th at 589; *Laconya C.*, 2025 WL 606451, at *5–6. Third, Robert does not allege that exhaustion would be "futile," *Bowen*, 476 U.S. at 485. *See* Pl.'s Resp. 3. Allowing Robert to go back to the Appeals Council may result in a favorable decision. *See L.N.P.*, 64 F.4th at 588–89. Even if it does not, requiring him to complete the fourth and final step in the administrative process gives the Commissioner "an opportunity to correct its own errors, to afford the parties and the courts the benefits of its experience and expertise, and to compile a record" that permits judicial review. *Bowen*, 476 U.S. at 484 (internal quotation marks omitted); *see, e.g.*, *Steven C.*, 2025 WL 819111, at *6 (citing *L.N.P.*, 64 F.4th at 589).

## IV. Conclusion

For the foregoing reasons, I respectfully recommend that the presiding District Judge **GRANT** the Commissioner of Social Secuity's motion for summary judgment, ECF No. 6, and **DISMISS** Robert's complaint, ECF No. 1, **WITHOUT PREJUDICE** to refiling after he obtains a final decision under 42 U.S.C. § 405(g).

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the presiding District Judge.

The Clerk shall send copies of this Report and Recommendation to the pro se Plaintiff and all counsel of record.

ENTER: August 20, 2026

Joel C. Hoppe
United States Magistrate Judge